[Crim. No. 8437. Second Dist., Div. Two. Dec. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIS TUCKER, Defendant and Appellant.

Stuart J. Gordon, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment entered following a jury trial which resulted in his conviction of the crimes of attempted burglary and violation of section 10851, Vehicle Code (felonious taking of a motor vehicle).

The evidence supporting the judgment may be summarized as follows: Appellant was positively identified as the man seen attempting to break into a market in the City of Los Angeles. He was apprehended shortly after this attempt had been interrupted. He was discovered hiding on the floor of a stolen vehicle. The owner of this vehicle testified that the tools which were found therein were not his and were not in the car when he had last seen it only a few hours earlier. Appellant admitted a prior conviction of burglary.

By way of defense, appellant testified that he had been drinking on the night in question and that he had gotten into the car because, in his "drunken state," he did not feel he "could make it much further." He denied ownership of the burglar's tools and denied that he had attempted to rob the market.

One of the arresting officers, however, testified that the vehicle had been "hot wired" and that the engine was still warm when appellant was apprehended. The officer stated that appellant told him at the scene that the car was not his but that he had become frightened when he "saw some police cars in the area," that he wanted "to find a place to hide" because he "knew he had warrants out for his arrest." At first he denied that the tools in the car were his. Shortly thereafter, however, he admitted that the tools were his and stated that he had borrowed the car from a friend. All these statements were freely and voluntarily made.

Later appellant was interrogated by detectives at the police station, and, after first denying the crimes, he admitted them, stating that the reason for his initial denial was that he was afraid he would be killed if sent to the penitentiary, ▮ These officers also testified that appellant freely and voluntarily, without having been subjected to any force or threat of force, and having been given no promise of leniency or immunity, wrote and signed the following confession:

"I took the car in the area of 90th and Samora; I hot-wired it and then I drove around for a while; I didn't know what time it was; I looked in the car and found some tools in it and parked by the market and went through the alley and over the fence to the market. Then I knocked a hole in the outside plaster. If I would have had the proper tools to succeed in getting in I was seeking money. I climbed over the fence and went back to the car where I was caught. I took the car only to use for a while. I was alone."

This confession was read to the jury and then introduced into evidence without any objection from appellant or his counsel. No request was made to examine the officer on *voir dire*, or to allow appellant to testify on *voir dire*, concerning the facts surrounding the obtaining of this confession before it was read to the jury or introduced into evidence.

When appellant testified in his own behalf, however, he said that he had been beaten by the officers until he agreed to write the confession as they dictated it to him.

Appellant's sole assignment of error on this appeal is that prejudicial error was committed "in that prior to allowing defendant's confession to be read to the jury [the court] failed to have defendant present his evidence that this confession was involuntary, and it failed to make a preliminary determination on the issue of voluntariness before submitting that issue to the jury." (Citing *People* v. *Gonzales*, 24 Cal. 2d 870, 876-877 [151 P.2d 251].)

It is immediately apparent, of course, that the prosecution had laid the necessary foundation for introduction of the confession by making preliminary proof that it was freely and voluntarily made. ▮ It is equally clear that the trial court could not properly have ordered the admission of evidence regarding the alleged involuntary nature of appellant's confession absent some indication from him of his desire to offer it. Finally, it is manifest that, regardless of the order in which appellant's version of the facts surrounding

his confession was presented, the court *did* make an initial determination by which it resolved the conflict in the evidence on the issue of voluntariness. ▮ The court gave appropriate instructions to the effect that, although the court had admitted evidence of various admissions and confessions, the jury should disregard them entirely unless it concluded that they were voluntary.[1]

▮ In support of this assignment of error, appellant notes that the clerk's minutes on the first day of trial contain the following entry: "Defendant files petition for a Writ of Habeas Corpus without knowledge of counsel. Petition is denied." On October 8, 1962, appellant filed a petition for an order augmenting the record on appeal. This motion was denied, but, because of appellant's assertion that his petition for writ of habeas corpus would disclose that the trial court had notice of his claim regarding the involuntary nature of his confession prior to its reception, we ordered the original file forwarded to this court.

The pertinent language of said petition is as follows: "I, Willis Tucker, do swear upon oath that on or about the day of December 6, the year of 1961, in the 77 Precinct, physical pain was inflicted upon the body of Petitioner and further threats upon the Petitioners life, in order to force petitioner to incriminate himself. Petitioner, brings charges against, Mr. Kessler and Mr. R. L. Hagenbaugh attached to the 77th Precinct Los Angeles City. Police Dept. for criminal assault and diprivation of Petitioners constitutional rights. Petitioner prays that your Honor will, redeem document which was gained illegally, so, that justice may be done, so Petitioner will not be forced to incriminate himself. Whenever a person appears in propria persona, court under takes to insure litigant that, no meritorious case can be lose because of lack of legal skill, all the merits go to the defendant ... *Miles* v. *Tessler* P-353.''

We may assume that the trial court should have considered the allegations of this petition notwithstanding the fact that

---

[1]"In determining the innocence or guilt of a defendant you must not consider any admission or confession of the defendant unless such statement was voluntarily made. Although the court has admitted evidence tending to show that defendant made an admission or confession you must disregard such statement entirely, unless you, yourselves, by your own weighing of all the evidence, your own judging of the credibility of witnesses, and your own reasonable deductions conclude that the alleged admission or confession not only was made, but was voluntary.'' (Cf. CALJIC 29-A.)

it was filed without the knowledge of appellant's counsel, and we may assume further that these allegations were sufficient to inform the court that the handwritten confession was the "document" referred to therein. These assumptions would only weaken appellant's contention, not strengthen it, for they would indicate that the court did make an initial determination of the document's admissibility before receiving it in evidence. In any event, we cannot hold, in the absence of any objection to the document when it was actually presented, that the trial court was required, on its own motion, to insist that appellant present his evidence in regard thereto by way of *voir dire* testimony prior to its unopposed introduction.

In addition, as we have indicated, appellant did ultimately testify regarding his version of the facts. The subsequent actions of the court and the jury clearly demonstrate that his testimony was not deemed worthy of belief. Since it is readily apparent from the record that the evidence on this point was sharply conflicting and that there was abundant evidence to support the jury's determination favoring the credibility of the officers, such determination will not be disturbed on appeal. (*People* v. *Doty,* 31 Cal.2d 696, 699-700 [192 P.2d 454].)

The judgment is affirmed.

Fox, P. J., concurred.